UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
AFAM UZOUKWU,

                                 Plaintiff,

vs.

THE CITY OF NEW YORK,
POLICE OFFICER SHAUN JAIKISSOON,
SHIELD#31576, POLICE OFFICER
AGUSTIN MELENDEZ, SHIELD #28869, POLICE
OFFICERS JOHN DOE, AND RICHARD ROE.

                                Defendants.

------------------------------------------------------------------------X

Case No. 07 CV 4762
"ECF Case"
(KMK)

**COMPLAINT**

**JURY TRIAL
DEMANDED**

## PRELIMINARY STATEMENT

1. This is an action to recover money damages arising out of defendants' violation of plaintiffs' rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, and of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York.  On September 9, 2004 at approximately 11:30 A.M., plaintiff, was responding to a traffic ticket issued to him and appeared at the Manhattan North Traffic Violations Bureau located on the third floor of 159 East 125th Street.  At this approximate time and location, New York City police officers, assaulted, seized, falsely arrested, used excessive force and unlawfully imprisoned the Plaintiff.  Plaintiff was deprived of his constitutional and

1

common law rights when the defendants utilized excessive force, committed an unwarranted and malicious assault and battery on the plaintiff, unlawfully confined the plaintiff, and caused the unjustifiable arrest and search of the plaintiff.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4) and the aforementioned statutory and constitutional provisions.

3. The plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

## VENUE

4. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) and § 1402(b) because the claims arose in this district.

## PARTIES

5. The plaintiff, Afam Uzoukwu, was forty six years old at the time of this incident. He is a citizen of the United States.

6. Police Officers Jaikissoon, Melendez, John Doe and Richard Roe, at all times relevant herein, were officers, employees, and agents of the New York City Police Department and are being sued herein in their individual capacity.

7. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the New York City Police Department and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the New York City Police Department at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the New York City Police Department and incidental to the lawful pursuit of their duties as officers, employees and agents of the New York City Police Department.

8. Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The defendant City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the New York City Police Department..

**STATEMENT OF FACTS**

9. On September 9, 2004, Afam Uzoukwu appeared at the Manhattan North Traffic Violations Bureau located on the third floor of 159 East 125th Street. He went to this location to challenge a traffic ticket he had received on January 29, 2004.

10. Mr. Uzoukwu's attorney could not appear to represent him at the hearing that morning and the Administrative Law Judge granted his request to adjourn the case to December 23, 2004. At that time, Police Officer Shaun Daikaiison, the officer who issued the ticket, was present and appeared upset that the case was postponed to a later date.

11. When the parties left the hearing room, Police Officer Daikaiison verbally threatened Mr. Uzoukwu. After Mr. Uzoukwu, responded to this threat, Police Officer Melendez, approached the plaintiff, ordered him to lie face down on the floor and told him that he was under arrest for threatening a police officer. At that time, Officer Melendez pushed Mr. Uzoukwu to the floor, punched, tackled, and kicked him repeatedly. At that time, Police Officers John Doe, and Richard Roe, joined in the assault and kicked and punched the Plaintiff as he was on the ground. While the plaintiff was on the ground, Officer Melendez handcuffed him.

12. Mr. Uzoukwu was then taken to a police office. Officer Melendez seized his bag, searched his bag and read personal letters from the bag out loud and verbally harassed Mr. Uzoukwu. Mr. Uzoukwu was placed under arrest and charged with the crimes of Criminal Trespass in the Third Degree and Harassment in the Second Degree. The arrest of Mr. Uzoukwu was not supported by probable cause.

13. Police Officer Melendez took Mr. Uzoukwu to the 19th Precinct. At that time he was placed in a holding cell, strip searched, and held in custody until he saw a judge the next morning.

14. The assault on the plaintiff, as described above, was far in excess of the police's rightful authority as New York City police officers. The assault and battery on the plaintiff by the defendants caused the plaintiff to sustain pain and suffering and psychological and emotional trauma. The police assault on the Plaintiff by the defendants was completely unjustified.

15. The Plaintiff was transported to a holding cell at the 19 Precinct where he was imprisoned. Prior to being imprisoned, he was frisked and searched. During his time in police custody, the plaintiff was denied food and water and medical treatment.

16. The Plaintiff was verbally abused and harassed by the defendants during the course of this incident.

17. The assault, false imprisonment, strip search, and false arrest upon Mr. Uzoukwu by the defendants caused Mr. Uzoukwu to sustain physical injury, pain and suffering and psychological and emotional trauma.

18. All charges against the Plaintiff were dismissed in Criminal Court.

## FIRST CAUSE OF ACTION

## Violation of Plaintiffs' Fourth Amendment and

## Fourteenth Amendment Rights

19. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs marked 1 through 18 with the same force and effect as if more fully set forth at length herein.

20. Police Officer Shaun Jaikissoon, Police Officer Melendez, Officers John Doe and Richard Roe, and all the other defendants named and involved in this incident, who were acting in

concert within their scope of authority, arrested and caused the plaintiff to be imprisoned without probable cause and violated his right to be free of an unreasonable seizure under the Fourth Amendment to the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

## SECOND CAUSE OF ACTION

### Violation of Plaintiff's Fourth Amendment Rights

21.    The plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs marked 1 through 20 with the same force and effect as if more fully set forth at length herein.

22.    The use of excessive force by Officers Jaikissoon, Melendez, John Doe and Richard Roe, in striking and punching plaintiff Afam Uzoukwu was an objectively unreasonable physical seizure of the plaintiff in violation of his rights under the Fourth Amendment to the United States Constitution.

23.    The Defndants', Officers Jaikissoon, Melendez, John Doe and Richard Roe, strip search of plaintiff Afam Uzoukwu at the Precinct was an objectively unreasonable physical search and seizure of the plaintiff in violation of his rights under the Fourth Amendment to the United States Constitution.

## THIRD CAUSE OF ACTION

**Assault**

24. The plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs marked 1 through 23 with the same force and effect as if more fully set forth at length herein.

25. The defendants, their agents, servants and employees, acting within the scope of their employment, intentionally, willfully and maliciously assaulted the plaintiff in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did a violent and/or menacing act which threatened such contact to the plaintiff, and that such act(s) caused apprehension of such contact in the plaintiff.

26. Defendants, Police Officer Shaun Jaikissoon, and Officer Melendez, and Officers John Doe and Richard Roe were at all times agents, servants, and employees acting within the scope of their employment by the City of New York , the New York City Police Department which are therefore responsible for their conduct.

27. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

**FOURTH CAUSE OF ACTION**

**Battery**

28. The plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs marked 1 through 27 with the same force and effect as if more fully set forth at length herein.

29. The defendants, their agents, servants and employees, acting within the scope of their

employment, intentionally, willfully, and maliciously battered the plaintiff, when they, in a hostile and/or offensive manner struck the plaintiff without his consent and with the intention of causing harmful and/or offensive bodily contact to the plaintiff and caused such battery.

30.     Police Officer Jaikissoon, Officer Melendez, Officers John Doe and Richard Roe, were at all times agents, servants, and employees acting within the scope of their employment by the City of New York , and the New York City Police Department which are therefore responsible for their conduct.

31.     Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

### FIFTH CAUSE OF ACTION

#### False Arrest

32.     The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 31 with the same force and effect as if more fully set forth at length herein.

33.     The acts and conduct of the defendants constitute false arrest and false imprisonment under the laws of the State of New York.  Defendants intended to confine the plaintiff and, in fact, confined plaintiff, and plaintiff was conscious of the confinement.  In addition, plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

34.    Defendants, Police Officer Jaikissoon, Police Officer Melendez, and Officers John Doe and Richard Roe were at all times  agents, servants, and employees acting within the scope

of their employment by the City of New York , and the New York City Police Department which are therefore responsible for their conduct

35. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## SIXTH CAUSE OF ACTION

### Negligent Hiring, Retention, Training and Supervision

36. The plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs marked 1 through 35 with the same force and effect as if more fully set forth at length herein.

37. The City of New York and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise all named defendants, individuals who were unfit for their performance of their law enforcement duties on September 9, 2004, at the aforementioned location.

38. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## SEVENTH CAUSE OF ACTION

### **Failure to Provide Medical Treatment**

39. The Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs marked 1-38 with the same force and effect as if more fully set forth at length herein.

40. The Defendants involved in this arrest of the plaintiff were deliberately indifferent to plaintiff's medical needs and failed to provide medical treatment in violation of the plaintiff's constitutional rights.

### **JURY DEMAND**

41. Plaintiffs hereby demands trial by jury of all issues properly triable thereby.

### **PRAYER FOR RELIEF**

WHEREFORE, plaintiffs pray for relief as follows:

a. That the jury find and the Court adjudge and decree that plaintiff Uzoukwu shall recover compensatory damages in the sum of $1,000,000, against defendants, the New York City Police Department and the City of New York, jointly and severally, together with interest and costs; and punitive damages in the sum of $1,000,000 against the individual defendants.

b That the plaintiffs recover the cost of the suit herein, including reasonable attorneys fees pursuant to 42 U.S.C. §1988.

c. That the plaintiffs have such other and further relief as the Court shall deem just and proper.

DATED:    June 1, 2007
          New York, New York

                                                                                                    _____
                                                                                                    DAVID KRAUSS (DK 8666)
                                                                                                    111 John St., Suite 800
                                                                                                    New York, New York 10038
                                                                                                    (212) 965-1161

                                                                                                    Attorney for Plaintiff