UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

AFAM UZOUKWU,

                         Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER SHAUN
JAIKISSOON, SHIELD #31576, POLICE OFFICER
AGUSTIN MELENDEZ, SHIELD #28869, POLICE
OFFICERS JOHN DOE, AND RICHARD ROE,

                         Defendants.

---------------------------------------------------------------------- x

**ANSWER**

07 CV 4762 (KMK)

JURY TRIAL DEMANDED

        Defendant[1] City of New York, by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows:

        1.     Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to proceed as stated therein.

        2.     Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to proceed and invoke the Court's jurisdiction as stated therein.

        3.     Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to invoke the Court's supplemental jurisdiction as stated therein.

        4.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purports to base venue as stated therein.

---

[1] On information and belief, the individuals identified in the caption of the complaint as "Police Officer Shaun Jaikissoon" and "Police Officer Agustin Melendez" have not been served with the summons and complaint in this action and therefore are not defendants at this time.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint, except admits that Shaun Jaikissoon and Agustin Melendez are employed as Police Officers with the New York City Police Department and that plaintiff purports to sue them as stated therein.

7. Defendant states that the allegations set forth in paragraph "7" of the complaint constitute legal conclusions to which no response is required.

8. Denies the allegations set forth in paragraph "8" of the complaint, except admits that the City of New York is a municipal corporation and respectfully refers the Court to the New York City Charter and Administrative Code for a recitation of the relationship between the City of New York and the New York City Police Department.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

11. Denies the allegations set forth in paragraph "11" of the complaint, except admits that plaintiff was arrested on September 9, 2004 inside of 159 East 125th Street, New York, NY.

12. Denies the allegations set forth in paragraph "12" of the complaint, except admits that plaintiff was arrested on September 9, 2004 and charged with Criminal Trespass in the Third Degree and Harassment in the Second Degree.

13. Denies the allegations set forth in paragraph "13" of the complaint, except admits that following his arrest on September 9, 2004, plaintiff arrived at the 19th precinct at approximately 1:20 PM and was transported to Central Booking at approximately 8:00 PM.

14. Denies the allegations set forth in paragraph "14" of the complaint.

15. Denies the allegations set forth in paragraph "15" of the complaint, except admits that plaintiff was transported to the 19th precinct.

16. Denies the allegations set forth in paragraph "16" of the complaint.

17. Denies the allegations set forth in paragraph "17" of the complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19. In response to the allegations set forth in paragraph "19" of the complaint, defendant City repeats and realleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

20. Denies the allegations set forth in paragraph "20" of the complaint.

21. In response to the allegations set forth in paragraph "21" of the complaint, defendant City repeats and realleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

22. Denies the allegations set forth in paragraph "22" of the complaint.

23. Denies the allegations set forth in paragraph "23" of the complaint.

24. In response to the allegations set forth in paragraph "24" of the complaint, defendant City repeats and realleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

25. Denies the allegations set forth in paragraph "25" of the complaint.

26. Defendant states that the allegations set forth in paragraph "26" of the complaint constitute legal conclusions to which no response is required.

27. Denies the allegations set forth in paragraph "27" of the complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein.

28. In response to the allegations set forth in paragraph "28" of the complaint, defendant City repeats and realleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

29. Denies the allegations set forth in paragraph "29" of the complaint.

30. Defendant states that the allegations set forth in paragraph "30" of the complaint constitute legal conclusions to which no response is required.

31. Denies the allegations set forth in paragraph "31" of the complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein.

32. In response to the allegations set forth in paragraph "32" of the complaint, defendant City repeats and realleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

33. Denies the allegations set forth in paragraph "33" of the complaint.

34. Defendant states that the allegations set forth in paragraph "34" of the complaint constitute legal conclusions to which no response is required.

35. Denies the allegations set forth in paragraph "35" of the complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein.

36. In response to the allegations set forth in paragraph "36" of the complaint, defendant City repeats and realleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

37. Denies the allegations set forth in paragraph "37" of the complaint.

38. Denies the allegations set forth in paragraph "38" of the complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein.

39. In response to the allegations set forth in paragraph "39" of the complaint, defendant City repeats and realleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

40. Denies the allegations set forth in paragraph "40" of the complaint.

41. Defendant states that the allegations set forth in paragraph "41" of the complaint are not averments to which a response is required.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

42. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

43. Defendant City of New York has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has defendant City of New York violated any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

44. At all times relevant to the acts alleged in the complaint, the duties and functions of municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City of New York has governmental immunity from liability.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

45. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of defendant City.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

46.    There was probable cause for plaintiff's arrest, detention and prosecution.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

47.    This action may be barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

48.    Plaintiff's claims are barred, in whole or in part, by failure to comply with conditions precedent to suit.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

49.    Plaintiff provoked any incident.

**WHEREFORE,** defendant City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:     New York, New York
             August 23, 2007

                                         MICHAEL A. CARDOZO
                                         Corporation Counsel of the
                                            City of New York
                                         Attorney for Defendant City
                                            of New York
                                         100 Church Street, Room 3-189
                                         New York, New York 10007
                                         (212) 788-0976

                                 By:       _____
                                         Johana Castro (JC 1809)
                                         Assistant Corporation Counsel
                                         Special Federal Litigation Division

To:     <u>BY ECF & BY MAIL</u>
        David B. Krauss, Esq.
        Attorney for Plaintiff
        111 John Street, Suite 800
        New York, New York 10038

Index No. 07 CV 4762 (KMK)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AFAM UZOUKWU,

                         Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER SHAUN JAIKISSOON, SHIELD #31576, POLICE OFFICER AGUSTIN MELENDEZ, SHIELD #28869, POLICE OFFICERS JOHN DOE, AND RICHARD ROE,

                         Defendants.

## ANSWER

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
   *Attorney for Defendant City of New York*
   *100 Church Street*
   *New York, N.Y. 10007*

*Of Counsel: Johana Castro*
*Tel: (212) 788-0976*
*NYCLIS No. 2007-017900*

*Due and timely service is hereby admitted.*

*New York, N.Y. ......................................., 200......*

*................................................................ Esq.*

*Attorney for.....................................................*

- 8 -